George A. Riley (S.B. #118304) griley@omm.com
Mark E. Miller (S.B. #130200) markmiller@omm.com
David R. Eberhart (S.B. #195474) deberhart@omm.com
Elysa Q. Wan (S.B. #297806) ewan@omm.com
Bill Trac (S.B. #281437) btrac@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Susan D. Roeder (S.B. #160897) sroeder@omm.com
**O'MELVENY & MYERS LLP**
2765 Sand Hill Road
Menlo Park, CA 94025-7019

Attorneys for Plaintiff
24/7 Customer, Inc.,

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| 24/7 Customer, Inc., | Case No. 3:15-cv-5585 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |
| v. | |
| LivePerson, Inc., | |
| Defendant. | |

Plaintiff 24/7 Customer, Inc. ("[24]7" or "Plaintiff") hereby alleges in its Complaint against Defendant LivePerson, Inc. ("LivePerson" or "Defendant") as follows:

## PARTIES

1.      [24]7 is a California corporation with its principal place of business at 910 E. Hamilton Avenue, Suite 240, Campbell, California.

2.      LivePerson is a Delaware corporation with its principal place of business at 475 10th Ave, 5th Floor, New York, New York.

3.      LivePerson provides live-interaction and customer engagement technology for clients in the retail, financial services, technology, education, media, entertainment, and travel industries.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code, including, but not limited to, 35 U.S.C. § 271.

5.      This court has original jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

6.      Personal jurisdiction is proper over Defendant LivePerson, because LivePerson conducts business, provides services, and committed acts of patent infringement in California.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## GENERAL ALLEGATIONS

8.      [24]7 owns patents relating to customer service products, including U.S. Patent Nos. 6,205,209; 6,798,876; 7,027,586; 7,751,552; 6,970,553; 6,975,719; 7,245,715; and 7,215,757.

9.      [24]7 competes directly with Defendant in providing customer service software to businesses.   For example, Defendant's live-interaction platforms, including Defendant's LivePerson platform and LiveEngage platform, allow agents or representatives to chat online with

website visitors, to cobrowse a website with a visitor, and to integrate data from visitor interactions.[1]

10.     United States Patent No. 6,205,209 (the '209 Patent) is titled "Network that Provides Applications Collaboration" and issued March 20, 2001.  A copy of the '209 Patent is attached as Exhibit A.

11.     [24]7 owns all right, title, and interest in the '209 Patent.

12.     United States Patent No. 6,798,876 (the '876 Patent) is titled "Method and Apparatus for Intelligent Routing of Incoming Calls to Representatives in a Call Center" and issued September 28, 2004.  A copy of the '876 Patent is attached as Exhibit B.

13.     [24]7 owns all right, title, and interest in the '876 Patent.

14.     United States Patent No. 7,027,586 (the '586 Patent) is titled "Intelligently Routing Customer Communications" and issued April 11, 2006.  A copy of the '586 Patent is attached as Exhibit C.

15.     [24]7 owns all right, title, and interest in the '586 Patent.

16.     United States Patent No. 7,751,552 (the '552 Patent) is titled "Intelligently Routing Customer Communications" and issued July 6, 2010.  A copy of the '552 Patent is attached as Exhibit D.

17.     [24]7 owns all right, title, and interest in the '552 Patent.

18.     United States Patent No. 6,970,553 (the '553 Patent) is titled "Integrated Chat Client with Calling Party Choice" and issued November 29, 2005.  A copy of the '553 Patent is attached as Exhibit E.

19.     [24]7 owns all right, title, and interest in the '553 Patent.

---

[1] As used in this Complaint, "visitor" refers to a person who may be browsing a website or contacting customer service or support.  "Agent" or "representative" refers to a customer service or support agent or representative.  Defendants' "customers" are entities that purchase LivePerson's products and/or services.  Each of these entities are among the "end users" of Defendant's products and services.

20.   United States Patent No. 6,975,719 (the '719 Patent) is titled "Integrated Chat Client with Called Party Choice" and issued December 13, 2005.  A copy of the '719 Patent is attached as Exhibit F.

21.   [24]7 owns all right, title, and interest in the '719 Patent.

22.   United States Patent No. 7,245,715 (the '715 Patent) is titled "Integrated Chat Client with Receiving Party Choice" and issued July 17, 2007.  A copy of the '715 Patent is attached as Exhibit G.

23.   [24]7 owns all right, title, and interest in the '715 Patent.

24.   United States Patent No. 7,215,757 (the '757 Patent) is titled "System and Method to Provide Automated Scripting for Customer Service Representatives" and issued May 8, 2007. A copy of the '757 Patent is attached as Exhibit H.

25.   [24]7 owns all right, title, and interest in the '757 Patent.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,205,209**

26.   [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

27.   Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, include a "Cobrowsing" feature that permits a service agent and a visitor to simultaneously view, browse, and interact with the same webpage over a network.  For example, the following image from Defendant's website shows an agent's view and a visitor's view of a Cobrowsing session.  The agent and visitor are viewing and interacting with the same webpage using different interfaces.



28.     Defendant infringes the '209 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the Cobrowsing feature on these platforms.  The '209 Patent defines methods for two users in a communications network to collaborate on an application, including a method of initiating a communication by (1) receiving an identity of a called party and an identity of a collaborative application from a calling party, (2) determining a first and second endpoint type, (3) selecting a first and second version of the collaborative application based on the first and second endpoint type, and (4) making available the first and second version of the collaborative application to the calling and called party.  Defendant performs each of these steps in providing its live-interaction platforms and

COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND
CASE NO. 3:15-CV-5585

Cobrowsing to end users.  Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '209 Patent, in violation of 35 U.S.C. § 271(a).

29.  Defendant induces others to infringe the '209 Patent in violation of 35 U.S.C. § 271(b) through use of its live-interaction platforms, including the use of Cobrowsing as described above.  Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '209 Patent with the specific intent to encourage such infringement.  Defendant actively promotes the use and sale of its live-interaction platforms in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.  Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms.  Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms in an infringing manner.

30.  Defendant contributorily infringes the '209 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms for use in practicing the patented process disclosed in the '209 Patent.  Defendant's live-interaction platforms are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms are especially made or especially adapted for use in infringement of the '209 Patent.

31.  [24]7 has suffered damages as a result of Defendant's infringement of the '209 Patent.

32.  Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

33.  Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '209 Patent unless enjoined by the Court.

34.    Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,798,876**

35.    [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

36.    Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, route incoming calls to service representatives based on a visitor's profile and the representatives' profiles.   Visitors browsing a website are prompted to chat with representatives based on a wide range of information regarding the visitor, such as the visitor's nationality, search keywords, IP address, whether the visitor is a new or returning visitor, the amount of time spent on the website, the web pages visited, indications that the visitor may abandon a shopping cart, or a variety of other information.  If a visitor chooses to chat, the visitor is then routed to a representative selected on the basis of a variety of criteria.   For instance, representatives are assigned "skills" to describe the representative's areas of expertise.  Examples of skills include "Sales," "Service" and "Tech support."  Visitors are routed to representatives who have the appropriate skill.   Visitors are also routed to representatives based on the availability of those agents to handle the chat session.  Visitors are also routed to representatives who have had prior interactions with the visitor.  At the conclusion of the chat, the visitor and representative profiles are updated with transcripts, survey results, and other information regarding the outcome of the interaction.

37.    Defendant infringes the '876 Patent by, *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the routing features on those platforms.  The '876 Patent discloses a system and method for routing calls based on a customer's profile and customer service representative profiles, including a method and system for routing an incoming call to a customer service representative by (1) comparing the caller profile with stored customer service profiles; (2) ranking the customer service representatives; (3)

routing the incoming call to a highest ranked customer service representative; and (4) automatically updating the caller profile and the customer service representative profile with information regarding the success of the call.  Defendant performs each of these steps in providing its live-interaction platforms and routing features to end users.  Defendant further provides a system for routing calls that performs each of these steps.   Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '876 Patent, in violation of 35 U.S.C. § 271(a).

38.     Defendant induces others to infringe the '876 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms, including the routing features as described above.  Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '876 Patent with the specific intent to encourage such infringement.  Defendant actively promotes the use and sale of its live-interaction platforms in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.  Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms. Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms in an infringing manner.

39.     Defendant contributorily infringes the '876 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms for use in practicing the patented process disclosed in the '876 Patent.  Defendant's live-interaction platforms are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms are especially made or especially adapted for use in infringement of the '876 Patent.

40.     [24]7 has suffered damages as a result of Defendant's infringement of the '876 Patent.

COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND
CASE NO. 3:15-CV-5585

41.     Defendant's infringement, contributory infringement, and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

42.     Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '876 Patent unless enjoined by the Court.

43.     Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,027,586**

44.     [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

45.     Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, route incoming calls to service agents based on the modality of a communication and an agent model.  Visitors browsing a website are prompted to chat with service agents based on a wide range of criteria, including whether the visitor is browsing on a desktop, a mobile device, or an app, whether the visitor wishes to communicate by chat or by phone, the visitor's nationality, search keywords, IP address, whether the visitor is a new or returning visitor, the amount of time spent on the website, the web pages visited by the visitor, indications that the visitor may abandon a shopping cart, or a variety of other information.  If a visitor chooses to chat, the visitor is then routed to a service agent based on a variety of criteria.  For instance, agents are assigned "skills" to describe the agent's areas of expertise.  Examples of skills include "Sales," "Service" and "Tech support."  Visitors are routed to agents who have the appropriate skill.  Visitors are also routed to agents based on the availability of those agents to handle the chat session.  Visitors are also routed to agents who have had prior interactions with the visitor.

46.     Defendant infringes the '586 patent by *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the routing features

on those platforms.   The '586 Patent discloses a method, apparatus, and computer readable medium for routing communications based on agent models, including a method, apparatus, and computer readable medium for routing customer communications to an agent by (1) identifying a modality of the requested communication; (2) obtaining a profile of the customer; (3) selecting an agent model for each of a plurality of agents based on the identified modality; and (4) comparing the profile with the selected model for each of a plurality of agents to determine a best match. Defendant performs each of these steps in providing its live-interaction platforms and routing features to end users.   Defendant further provides a system and a computer readable medium for routing communications that performs each of these steps.    Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '586 Patent, in violation of 35 U.S.C. § 271(a).

47.    Defendant induces others to infringe the '586 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms, including the routing features as described above.   Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '586 Patent with the specific intent to encourage such infringement.   Defendant actively promotes the use and sale of its live-interaction platforms in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.   Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms. Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms in an infringing manner.

48.    Defendant contributorily infringes the '586 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms for use in practicing the patented process disclosed in the '586 Patent.  Defendant's live-interaction platforms are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint,

Defendant knows that the infringing features of its live-interaction platforms are especially made or especially adapted for use in infringement of the '586 Patent.

49.     [24]7 has suffered damages as a result of Defendant's infringement of the '586 Patent.

50.     Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

51.     Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '586 Patent unless enjoined by the Court.

52.     Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,751,552**

53.     [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

54.     Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, route incoming calls to service agents based on the modality of a communication and an agent model.  Visitors browsing a website are prompted to chat with agents based on a wide range of criteria, including whether the visitor is browsing on a desktop, a mobile device, or an app, whether the visitor wishes to communicate by chat or by phone, the visitor's nationality, search keywords, IP address, whether the visitor is a new or returning visitor, the amount of time spent on the website, the web pages visited by the visitor, indications that the visitor may abandon a shopping cart, or a variety of other information.  If a visitor chooses to chat, the visitor is then routed to a service agent based on a variety of criteria.  For instance, agents are assigned "skills" to describe the agent's areas of expertise.  Examples of skills include "Sales," "Service" and "Tech support."  Visitors are routed to agents who have the appropriate

skill.  Visitors are also routed to agents based on the availability of those agents to handle the chat session.  Visitors are also routed to agents who have had prior interactions with the visitor.

55.     Defendant infringes the '552 patent by *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the routing features on those platforms.  The '552 Patent discloses a method, apparatus, and computer readable medium for routing communications based on agent models, including a method, apparatus, and computer readable medium for routing customer communications to an agent by (1) selecting an agent model for each of a plurality of agents based on an identified modality; (2) determining an agent corresponding to one of the selected agent models best matched to information associated with the requester of the communication; and (3) establishing a communication connection between the requester and the best matched agent.  Defendant performs each of these steps in providing its live-interaction platforms and routing features to end users.  Defendant further provides a system and a computer readable medium for routing communications that performs each of these steps.   Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '552 Patent, in violation of 35 U.S.C. § 271(a).

56.     Defendant induces others to infringe the '552 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms, including the routing features as described above.  Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '552 Patent with the specific intent to encourage such infringement.  Defendant actively promotes the use and sale of its live-interaction platforms in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.  Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms. Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms in an infringing manner.

57.     Defendant contributorily infringes the '552 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms for use in practicing the

patented process disclosed in the '552 Patent. Defendant's live-interaction platforms are material to practicing the invention. The infringing features of Defendant's live-interaction platforms have no substantial non-infringing uses. At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms are especially made or especially adapted for use in infringement of the '552 Patent.

58.     [24]7 has suffered damages as a result of Defendant's infringement of the '552 Patent.

59.     Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

60.     Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '552 Patent unless enjoined by the Court.

61.     Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,970,553**

62.     [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

63.     Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, and Defendant's IVR Deflection feature, provide end users the option to choose whether to engage in a voice call or an electronic chat session. End users who make a phone call to the company reach an interactive voice response (IVR) system, a computer system that interacts with the end user through the use of voice or dial tones. The IVR system provides the end user with the option to chat. If the end user chooses to chat, the IVR system sends an SMS text message containing a link to the end user. An end user can click on the link. If a chat agent is available, the end user begins a chat session with an agent instead of waiting on hold for a telephone agent.

64.     Defendant infringes the '553 patent by *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the IVR Deflection feature.  The '553 Patent discloses a method and computer readable medium for allowing a party to choose between a telephone call and an electronic chat, including a method and computer readable medium for converting a voice call attempt into an alternate medium for real-time communication by (1) receiving a telephone call request; (2) checking for accessibility of an electronic chat client associated with a called party; and (3) prompting a calling party to choose whether or not to electronically chat.  Defendant performs each of these steps in providing its live-interaction platforms and IVR Deflection to end users.   Defendant further provides a computer readable medium for performing these steps.  Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '553 Patent, in violation of 35 U.S.C. § 271(a).

65.     Defendant induces others to infringe the '553 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms and through the use of IVR Deflection as described above.  Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '553 Patent with the specific intent to encourage such infringement.  Defendant actively promotes the use and sale of its live-interaction platforms and IVR Deflection in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.  Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms and IVR Deflection.  Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms and IVR Deflection in an infringing manner.

66.     Defendant contributorily infringes the '553 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms and IVR Deflection for use in practicing the patented process disclosed in the '553 Patent.  Defendant's live-interaction platforms and IVR Deflection are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms and IVR Deflection have no substantial non-infringing

uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms and IVR Deflection are especially made or especially adapted for use in infringement of the '553 Patent.

67.    [24]7 has suffered damages as a result of Defendant's infringement of the '553 Patent.

68.    Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

69.    Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '553 Patent unless enjoined by the Court.

70.    Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,975,719**

71.    [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

72.    Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, and Defendant's IVR Deflection feature, provide end users the option to choose whether to engage in a voice call or an electronic chat session.  End users who make a phone call to the company reach an interactive voice response (IVR) system, a computer system that interacts with the end user through the use of voice or dial tones.  The IVR system provides the end user with the option to chat.  If the end user chooses to chat, the IVR system sends an SMS text message containing a link to the end user.  An end user can click on the link.  If a chat agent is available, the end user begins a chat session with an agent instead of waiting on hold for a telephone agent.

73.    Defendant's live-interaction platforms additionally generate multichannel invitations.  Visitors browsing a website are prompted to connect with a customer service

representative using chat or voice.  The visitor may select to talk by entering a telephone number, in which case the live-interaction platform checks if an agent is available to talk to the visitor.  If so, the visitor will receive a telephone call.  The visitor may alternatively select to chat, in which case the live-interaction platform checks if an agent is available to chat with the visitor.  If so, a chat session will commence.

74.    Defendant infringes the '719 patent by *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the IVR Deflection feature.   The '719 Patent discloses a method, system, and computer-readable medium for prompting a called party to choose either to chat or call, including a method, system, and computer readable medium for (1) checking accessibility of a calling party chat client and (2) prompting a called party to choose to either talk or electronically chat if the calling party chat client is accessible.  Defendant performs each of these steps in providing its live-interaction platforms and IVR Deflection to end users.  Defendant further provides a system and computer readable medium for performing these steps.  Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '719 Patent, in violation of 35 U.S.C. § 271(a).

75.    Defendant induces others to infringe the '719 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms and through the use of IVR Deflection as described above.  Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '719 Patent with the specific intent to encourage such infringement.  Defendant actively promotes the use and sale of its live-interaction platforms and IVR Deflection in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center. Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms and IVR Deflection.  Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms and IVR Deflection in an infringing manner.

COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND
CASE NO. 3:15-CV-5585

76.     Defendant contributorily infringes the '719 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms and IVR Deflection for use in practicing the patented process disclosed in the '719 Patent.  Defendant's live-interaction platforms and IVR Deflection are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms and IVR Deflection have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms and IVR Deflection are especially made or especially adapted for use in infringement of the '719 Patent.

77.     [24]7 has suffered damages as a result of Defendant's infringement of the '719 Patent.

78.     Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

79.     Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '719 Patent unless enjoined by the Court.

80.     Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,245,715**

81.     [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

82.     Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, and Defendant's IVR Deflection feature, provide end users the option to choose whether to engage in a voice call or an electronic chat session.  End users who make a phone call to the company reach an interactive voice response (IVR) system, a computer system that interacts with the end user through the use of voice or dial tones.  The IVR system provides the end user with the option to chat.  If the end user chooses to chat, the IVR system sends an

SMS text message containing a link to the end user. An end user can click on the link. If a chat agent is available, the end user begins a chat session with an agent instead of waiting on hold for a telephone agent.

83. Defendant's live-interaction platforms additionally generate multichannel invitations. Visitors browsing a website are prompted to connect with a customer service representative using chat or voice. The visitor may select to talk by entering a telephone number, in which case the live-interaction platform checks if an agent is available to talk to the visitor. If so, the visitor will receive a telephone call. The visitor may alternatively select to chat, in which case the live-interaction platform checks if an agent is available to chat with the visitor. If so, a chat session will commence.

84. Defendant infringes the '715 patent by *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms and the IVR Deflection feature. The '715 Patent discloses a method, system, and computer-readable medium for prompting a called party to choose either to chat or call, including a method, system, and computer readable medium for (1) checking accessibility of a sending party chat client and (2) prompting a receiving party to choose to either talk or electronically chat of the receiving party chat client is accessible. Defendant performs each of these steps in providing its live-interaction platforms and IVR Deflection to end users. Defendant further provides a system and computer readable medium for performing these steps. Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '715 Patent, in violation of 35 U.S.C. § 271(a).

85. Defendant induces others to infringe the '715 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms and through the use of IVR Deflection as described above. Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '715 Patent with the specific intent to encourage such infringement. Defendant actively promotes the use and sale of its live-interaction platforms and IVR Deflection in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.

Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms and IVR Deflection.  Defendant provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms and IVR Deflection in an infringing manner.

86.     Defendant contributorily infringes the '715 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms and IVR Deflection for use in practicing the patented process disclosed in the '715 Patent.  Defendant's live-interaction platforms and IVR Deflection are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms and IVR Deflection have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms and IVR Deflection are especially made or especially adapted for use in infringement of the '715 Patent.

87.     [24]7 has suffered damages as a result of Defendant's infringement of the '715 Patent.

88.     Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

89.     Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '715 Patent unless enjoined by the Court.

90.     Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 7,215,757

91.     [24]7 repeats and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if repeated in full here.

92.     Defendant's live-interaction platforms, including its LivePerson platform and LiveEngage platform, provide scripted statements to agents.  These scripted statements are

alternatively described in these live-interaction platforms as "canned responses," "predefined content" and/or "recommended content."  During a chat session, an agent is provided with scripted statements broken down into categories.  For instance, scripted statements might be categorized as "welcome messages" or "sales related questions."  At the same time, Defendant's live-interaction platforms collect a variety of information regarding a visitor.  The live-interaction platforms can generate a script that will incorporate visitor information into the response, such as by the use of a macro.  The script will be displayed to the agent, who can then use the script to communicate with a visitor.

93.     Defendant infringes the '757 patent by *inter alia*, making, using, selling, offering for sale, importing, and supporting Defendant's live-interaction platforms, including scripted statements.  The '757 Patent discloses a method, system, and computer readable medium for providing scripted responses for customer service agents, including a method, system, and computer-readable medium for (1) obtaining information identifying a party, (2) obtaining content related to the party, (3) generating a script based, at least in part, on the obtained content, and (4) displaying the script to the agent while the communication is still in progress.  Defendant performs each of these steps in providing its live-interaction platforms including scripted statements.  Defendant further provides a system and computer readable medium for performing these steps.  Defendant has acted without authority or license from [24]7 or the prior owner(s) of the '757 Patent, in violation of 35 U.S.C. § 271(a).

94.     Defendant induces others to infringe the '757 Patent in violation of 35 U.S.C. § 271(b) through the use of its live-interaction platforms including scripted statements.  Since at least as early as the date of service of [24]7's Complaint, Defendant has knowingly induced its customers, potential customers, and end users to infringe the '757 Patent with the specific intent to encourage such infringement.  Defendant actively promotes the use and sale of its live-interaction platforms in an infringing manner through advertisements, user manuals, online support pages, and the LivePerson Customer Center.  Defendant further offers video and live tutorials, training, and customer service support for its live-interaction platforms.  Defendant

provides these documents, training, and services with the specific intent to induce customers and other third parties to use its live-interaction platforms in an infringing manner.

95.     Defendant contributorily infringes the '757 Patent in violation of 35 U.S.C. § 271(c).  Defendant sells and offers to sell its live-interaction platforms for use in practicing the patented process disclosed in the '757 Patent.  Defendant's live-interaction platforms are material to practicing the invention.  The infringing features of Defendant's live-interaction platforms have no substantial non-infringing uses.  At least as early as the date of service of [24]7's Complaint, Defendant knows that the infringing features of its live-interaction platforms are especially made or especially adapted for use in infringement of the '757 Patent.

96.     [24]7 has suffered damages as a result of Defendant's infringement of the '757 Patent.

97.     Defendant's infringement, contributory infringement and inducement of infringement are literal infringement or, in the alternative, infringement under the doctrine of equivalents.

98.     Defendant will continue to infringe, induce others to infringe, and/or engage in contributory infringement of the '757 Patent unless enjoined by the Court.

99.     Defendant's acts of infringement have caused and, unless enjoined by this Court, will continue to cause [24]7 to sustain irreparable damage, loss and injury, for which [24]7 has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, [24]7 prays for judgment against Defendant as follows:

1.     Preliminarily and permanently enjoining Defendant, its officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from infringing, inducing others to infringe, and/or engaging in contributory infringement of the '209 Patent, the '876 Patent, the '586 Patent, the '552 Patent, the '553 Patent, the '719 Patent, the '715 Patent, and the '757 Patent;

COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND
CASE NO. 3:15-CV-5585

1         2.    Awarding [24]7 damages based on Defendant's infringement of the '209

2    Patent, the '876 Patent, the '586 Patent, the '552 Patent, the '553 Patent, the '719 Patent, the '715

3    Patent, and the '757 Patent in an amount according to proof, and trebling same by reason of the

4    willful, wanton, and deliberate nature of such infringement;

5         3.    Declaring that this is an exceptional case under 35 U.S.C. § 285 and

6    awarding [24]7 its attorneys' fees and costs in this action;

7         4.    Assessing prejudgment interest on damages; and,

8         5.    Awarding [24]7 such other and further relief as the Court deems just and

9    equitable.

10

11

12   Dated:    December 7, 2015

                            */s/ Mark E. Miller*

13                               GEORGE RILEY (S.B. #118304)
                            griley@omm.com

14                               MARK E. MILLER (S.B. #130200)
                            markmiller@omm.com

15                               DAVID R. EBERHART (S.B. #195474)
                            deberhart@omm.com

16                               ELYSA Q. WAN (S.B. #297806)
                            ewan@omm.com

17                               BILL TRAC (S.B. #281437)
                            btrac@omm.com

18                               O'MELVENY & MYERS LLP
                            Two Embarcadero Center, 28th Floor

19                               San Francisco, California  94111
                            Telephone (415) 984-8700

20                               Facsimile (415) 984-8701

21                               SUSAN D. ROEDER (S.B. # 160897)
                            sroeder@omm.com

22                               O'MELVENY & MYERS LLP
                            2765 Sand Hill Road

23                               Menlo Park, CA 94025-7019

24                               Attorneys for Plaintiff
                            24/7 CUSTOMER, INC.

25

26

27

28

                                        COMPLAINT FOR PATENT
                 INFRINGEMENT AND JURY DEMAND
                                          CASE NO. 3:15-CV-5585

1

**DEMAND FOR JURY TRIAL**

2

[24]7 hereby demands trial by jury of all issues so triable under the law.

3

4

Dated:     December 7, 2015

5

/s/ *Mark E. Miller*
GEORGE RILEY (S.B. #118304)
griley@omm.com

6

MARK E. MILLER (S.B. #130200)
markmiller@omm.com

7

DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com

8

ELYSA Q. WAN (S.B. #297806)
ewan@omm.com

9

BILL TRAC (S.B. #281437)
btrac@omm.com

10

O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor

11

San Francisco, California  94111
Telephone (415) 984-8700

12

Facsimile (415) 984-8701

13

SUSAN D. ROEDER (S.B. # 160897)
sroeder@omm.com

14

O'MELVENY & MYERS LLP
2765 Sand Hill Road

15

Menlo Park, CA 94025-7019

16

Attorneys for Plaintiff
24/7 CUSTOMER, INC.

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND
CASE NO. 3:15-CV-5585